(R.D. 11271)

F. X. COUGHLIN CO. *v.* UNITED STATES

Entry No. 1395.

(Decided March 6, 1967)

*John C. Ray* for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General (*Herbert L. Warren, Andrew P. Vance*, and *Glenn E. Harris*, trial attorneys), for the defendant.

RICHARDSON, Judge: This reappraisement appeal involves the dutiable value of certain automobile parts which were manufactured in and exported from Canada, entered at Detroit, Mich., and advanced in value upon appraisement on the basis of constructed value. There is no dispute as to the basis of valuation or as to any element entering into the valuation. The sole issue in the case has to do with the propriety of the cost allocation made by the appraiser with respect to certain tooling employed in the manufacture of the involved automobile parts. The controlling facts on which the issue turns are set forth in a stipulation by which the controversy is submitted to the court for determination, and are as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise involved herein consists of 1260 die castings, Ford channel rear door window glass lower, R.H. Part No. CIVB 5326260 which were manufactured in Canada by Barber Die Castings Co. Ltd., Hamilton, Ontario and purchased by Doehler Jarvis Division, Toledo, Ohio, imported through the Port of Detroit; that the imported die castings were manufactured with the use of tooling owned by Ford Motor Company, Dearborn, Michigan, which tooling was exported to the said Barber Die Casting Co. Ltd.; that the tooling involved was No. 60–TZ–15 which had an original cost of US $30,500.00 and an original estimated productive life of 70,000 castings; that 48,048 castings had been produced in the United States by the said tooling prior to its exportation to Barber Die Casting Co. Ltd.; that Barber Die Casting Co. Ltd. was not charged for the use of said tooling; that, at the time of its exportation to Canada, the remaining or residual estimated productive life of said tooling was 21,952 castings and that the estimated cost or fair market value of said tooling having such a remaining or

residual life was US $9,150.00; that the Barber Die Casting Co. Ltd. produced the imported 1260 castings in Canada with the use of said tooling; and that prior to July 9, 1962 said tooling was used to produce 49,308 castings (48,048 plus 1260).

That the merchandise is not on the final list as published in T.D. 54521, and it is agreed that there is no export or United States value and that the merchandise is properly subject to appraisement on the basis of constructed value as defined in Section 402(d) of the Tariff Act of 1930, as amended.

That the imported die castings were appraised at C$9.57 per unit. The appraised value of C$9.57 per unit consists of C$2.31 per unit, which plaintiff does not contest, plus C$7.26 per unit representing the US$9,150.00 estimated cost or fair market value of the No. 60–TZ–15 tooling at the time of its exportation to Canada (the non-recurrent costs) apportioned over the 1260 die castings manufactured in Canada prior to the date of exportation of the imported castings (July 9, 1962). That the plaintiff contests the amount of non-recurrent costs which the appraiser allocated to each of the imported die castings. In computing the constructed value of C$9.57, the appraiser inadvertently neglected to convert the US$9,150.00 into the equivalent Canadian currency (C$9,901.93), and the parties agree that if the apportionment method utilized by the appraiser should be held to be proper, the correct dutiable value is C$10.17 rather than C$9.57.

It is the contention of the importer that the appraiser erred in apportioning the cost of the used tooling ($9.150) against only the imported castings (1,260 pieces) manufactured through the use of the involved tooling; and that the appraiser should have apportioned the cost of the tooling when new ($30,500) against all of the castings manufactured with it, including the imported merchandise (49,308 pieces). The Government contends that the appraiser's cost allocation basis is correct, and that the basis advanced by the importer does not comply with the statutory requirement that the cost be ascertained as of a time sufficient to permit production of the merchandise undergoing appraisement.

Section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, provides:

For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1)    the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2)   an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3)   the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

In support of its position the importer relies upon certain language of the Court of Customs and Patent Appeals in *Oxford University Press, N.Y., Inc. (M. Farris & Co., Inc.)* v. *United States*, 36 CCPA 102, C.A.D. 405 appearing on page 105, wherein the court stated:

There is nothing in the record from which it could even be implied that 65,000 copies of the dictionary were to be printed.   It is true, as is shown from the quoted portion of appellant's exhibit, that 47,320 copies had been printed.   But as far as the United States Appraiser of Merchandise, the tribunals of the United States Customs Court and this court are concerned, at the time of the exportation, 20,000 copies only had actually been produced.

The importer points to this language as the *ratio decidendi* in the case and argues that where, as here, the record establishes the converse to be true, namely, that 49,308 castings had been produced with the involved tooling at the time of the exportation of the 1,260 castings before the court, that the entire tooling cost or $30,500 should be allocated over the total quantity produced with such tooling.

It was brought out in the record in the lower courts * in the *Oxford University Press* case, which decisions were affirmed by the Court of Customs and Patent Appeals, that the parties conceded that only 20,000 copies of the book had been printed with the use of the plates in question as of the time of exportation, and further, that the evidence of the subsequent production of 47,320 copies came some 3 years later.   In the view of the lower courts in *Oxford* this subsequent production did not comport with the requirement of section 402(f) of the 1930 Act that the cost be *"at a time preceding the date of exportation of the particular merchandise under consideration* which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business."   [Emphasis quoted.]   Essentially the same language has been used in section 402(d) which is applicable to the facts in the instant case, and which language is, in the court's opinion, statutory language that controls the disposition of the instant appeal.

---

*21 Cust. Ct. 277, Reap. Dec. 7611, affirming 16 Cust. Ct. 371, Reap. Dec. 6284.

On the instant record the court is unable to find that the cost basis contended for by the importer supplants that which was used by the appraiser, in terms of reflecting "*a time preceding the date of exportation of the merchandise undergoing appraisement* which would ordinarily permit the production of that particular merchandise in the ordinary course of business." [Emphasis supplied.] There is nothing in the nature of the stipulated facts which convinces the court that the cost basis advanced by the importer is not as remote as the basis urged upon the courts in the *Oxford University Press* case, although in the opposite direction. The court is inclined to agree with the defendant's view that the new tooling cost basis does not approximate the situation which existed at the time of acquisition of the tooling by the manufacturer of the castings before the court, which seems to be about as far back as one need go *vis a vis* the instant facts in order to simulate circumstances pertinent to a constructed value determination. Since the cost basis adopted by the appraiser is in relative juxtaposition to the statutory period and embraces all tangibles of that period with respect to tooling use and fair market value of the same at that time, the appraiser's fabrication cost basis is reasonable, and more in harmony with the statutory requisites than the basis contended for by the importer. Accord, *Charles Stockheimer et al.* v. *United States*, 44 CCPA 92, C.A.D. 642. It follows from the foregoing that the appraisement herein must, therefore, be upheld, as plaintiff has failed to overcome the presumption of correctness supporting it.

On the record herein, the court finds as facts:

1. That the merchandise undergoing appraisement consists of 1,260 die castings, identified as an automobile part, namely, Ford channel rear door window glass lower, R.H., Part No. CIVB 5326260, which were exported from Canada on or about July 9, 1962.

2. That the involved merchandise does not appear on the final list promulgated by the Secretary of the Treasury in T.D. 54521.

3. That the subject merchandise was appraised on the basis of constructed value as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at Canadian $9.57 each.

4. That there is no export value or United States value for the involved merchandise.

5. That the 1,260 die castings undergoing appraisement were manufactured with the use of tooling supplied without direct charge to the Canadian manufacturer by the Ford Motor Co., Dearborn, Mich., which tooling when new cost $30,500, had previously been used in the United States for the manufacture of 48,048 die castings, and had a

fair market value of US$9,150 at the time of its exportation to the Canadian manufacturer.

6. That in ascertaining the constructed value of the 1,260 die castings undergoing appraisement the appraiser inadvertently neglected to convert the fair market value of the tooling in United States currency ($9,150) into its fair market value in Canadian currency ($9,901.93) in apportioning the cost of such tooling over the imported castings, and if such conversion had been made the dutiable value returned in the appraisement would have been expressed as Canadian $10.17 each rather than as Canadian $9.57 each.

7. That the plaintiff has failed to establish that the method of allocation of the tooling cost which was used by the appraiser in the appraisement of the involved merchandise did not reflect the proper cost of fabrication at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business.

The court concludes as matters of law:

1. That the plaintiff has failed to rebut the presumption of correctness attaching to the appraisement of the involved merchandise.

2. That constructed value as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise covered by this reappraisement appeal.

3. That such value is Canadian $10.17 each.

Judgment will be entered accordingly.